## LENA SEVERSON v. E. A. DANIELSON.[1]

December 24, 1926.

No. 25,740.

**Verdict held inadequate.**

Damages in action for personal injuries *held* inadequate.

Appeal and Error, 4 C. J. p. 866 n. 55; p. 867 n. 59.
New Trial, 29 Cyc. p. 847 n. 13, 14; p. 849 n. 21.
Trial, 38 Cyc. p. 1522 n. 96.

Plaintiff appealed from an order of the district court for Faribault county, Haycraft, J., denying her motion for a new trial. Reversed.

*Lindgren & Pettijohn,* for appellant.

*Putnam & Carlson,* for respondent.

WILSON, C. J.

Plaintiff was riding in a Ford coupe driven by Arvilla G. Gunderson upon a highway which intersected with another road on which defendant drove a Chevrolet car. There was a collision. Plaintiff was injured. Her verdict was for $50. She appealed from an order denying her motion for a new trial.

It is claimed that the verdict is inadequate. Four women were in the Ford. It was tipped over. Plaintiff suffered a broken arm. It was a fracture of the lower end of the radius. An X-ray picture was put in evidence showing the break. The arm was in splints for three weeks. After that the treatment was heat, massage and manipulation. The case was tried three months after the injury and the bone had healed, but according to the doctor there was then a limitation of motion of 25 per cent flection and extension and 75 per cent lateral movement. The doctor said she would always have some deformity though there was a good solid union. He also testified that his services were worth $50. He said the services of the doctor first called who set the arm were fairly worth $25.

[1]Reported in 211 N. W. 472.

Plaintiff testified that her arm was broken at the wrist; that Dr. Henderson set and put it in splints; that thereafter Dr. Sylverud attended her and dressed the injured arm frequently—every day for a while and then every other day; that she suffered dull pains and shooting pains; that the dull pain was continuous for two or three weeks; that she did not sleep for the first week or so; that she was nervous; that at the time of trial she could not lift anything with the arm; that she still had pain; that she was in business and operated a cafe in connection with which she did the cooking; that her injuries incapacitated her for the work; that she was required to employ a girl to do her work at an expense of $15 per week and board; that since the accident she could not do her washing as she had formerly done; that she had been able to do but very little of her usual work; that she had but limited motion in the arm. She testified that she paid Dr. Henderson $25 and that she paid Dr. Starbuck $10 for the X-ray picture. The latter also testified that this was a reasonable charge.

A broken arm and its incidental pain must be recognized as serious. The claim for special damages amounts to $85. Plaintiff was necessarily partially incapacitated from doing her usual work. She suffered a loss of time. She necessarily had some pain and suffering.

What was said in Gunderson v. Danielson, infra, page 399, relative to the jury rejecting testimony of witnesses and the trial court's approval of the verdict, is applicable here. We reach the conclusion that the verdict was inadequate.

The plaintiff having prevailed is not in a position to now urge error in submitting to the jury the question of joint enterprise. That does not relate to amount of the damages. In view of the fact that there is to be another trial we merely state that upon the record in this case this instruction should not have been given.

Reversed.